# UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | CASE NUMBER:  8:05-CR-124-T-24MSS |
| | USM NUMBER:   42926-018 |
| vs. | |
| KATHY APRIL PERALES | Defendant's Attorney:  Dionja Dyer, AFPD |
| THE DEFENDANT: | |

X_ pleaded guilty to Counts One, Two and Three of the Indictment.
___ pleaded nolo contendere to count(s) which was accepted by the court.
___ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 26 USC 5861(d) and 5871 | Possession of an Unregistered Firearm | June 19, 2003 | One |
| 18 USC 922(k) & 924(a)(1)(B) | Possession of a Firearm with an Obliterated Serial number | June 19, 2003 | Two |
| 26 USC 5861(e) and 5871 | Transfer of an Unregistered Firearm | June 19, 2003 | Three |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
__ Count(s)  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence:  November 15th, 2005

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

DATE:  November 15th, 2005

AO 245B (Rev. 12/03) Sheet 4 - Probation

| | | |
|---|---|---|
| Defendant: | KATHY APRIL PERALES | Judgment - Page 2 of 6 |
| Case No.: | 8:05-CR-124-T-24MSS | |

## PROBATION

The defendant is hereby placed on probation for a term of **THIRTY-SIX (36) MONTHS** as to Counts One, Two and Three of the Indictment, to run concurrent to each other.

The defendant shall not commit another federal, state, or local crime. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

__X__    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| Defendant: KATHY APRIL PERALES | Judgment - Page 3 of 6 |
| Case No.: 8:05-CR-124-T-24MSS | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

__X__    The defendant shall participate in the Home Detention program for a period of   ___NINE (9) MONTHS___ . During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

__X__    The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency. This program may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services.

__X__    The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable to by Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

AO 245B (Rev 12/03) Sheet 5 - Criminal Monetary Penalties

| | |
|---|---|
| Defendant: KATHY APRIL PERALES | Judgment - Page 4 of 6 |
| Case No.: 8:05-CR-124-T-24MSS | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $300.00 | $Waived | $ N/A |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __ Lump sum payment of $ _ due immediately, balance due

B. X Payment to begin immediately.

C. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

X The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to the Preliminary Order of Forfeiture, entered by the Court and made part of this judgment, the Defendant agrees to forfeit any interest she may have in a Remington Arms Company .22 caliber rifle, model 514, and a Smith & Wesson .38 caliber revolver.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KATHY APRIL PERALES,

    Defendant.

Case No. 8:05-cr-124-T-24MSS

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the court on motion of the United States of America for Entry of a Preliminary Order of Forfeiture in the instant case. The court, being fully advised in the premises, hereby finds that the United States has established the requisite *nexus* between the, Remington Arms Company .22 caliber rifle, model 514, Smith & Wesson .38 caliber revolver, and the violation of 26 U.S.C. § 5861(d) and (e), as charged in Count One and Count Three of the indictment, to which defendant Kathy April Perales pled guilty. Furthermore, the United States has established the requisite *nexus* between the, Smith & Wesson .38 caliber revolver, and the violation of 18 U.S.C. § 922(k) as charged in Count Two of the Indictment, to which defendant Kathy April Perales also pled guilty to. Therefore, the weapons are subject to forfeiture pursuant to 26 U.S.C. § 5872, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c). For good cause shown, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the United States' motion is GRANTED.

**ORDERED, ADJUDGED,** and **DECREED** that all right, title, and interest of defendant Kathy April Perales in a Remington Arms Company .22 caliber rifle, model 514 and a Smith & Wesson .38 caliber revolver, are forfeited to the United States of America for disposition according to law subject to the provisions of 26 U.S.C. § 5872, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b).

The Court shall retain jurisdiction to enter any further orders necessary for the forfeiture and disposition of the firearms, and to entertain any third party claims that may be asserted in these proceedings.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of NOVEMBER, 2005.

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

2